IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARGARET ALFONSO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-CV-706-JED-TLW |
| | ) |
| INTERSTATE CLEANING CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is plaintiff's Motion to Remand to State Court (the "Motion") (Doc. 13), which defendant has opposed (Doc. 15). For the reasons discussed below, plaintiff's Motion is **denied**.

I. **Background**

Plaintiff originally filed this case against defendant on August 18, 2015 in Tulsa County District Court for injuries she sustained as a result of a slip-and-fall accident she alleges was caused by defendant's negligence. (Doc. 2 at 1). Plaintiff's Petition requested damages against defendant "in excess of $75,000 for actual damages, and a sum in excess of $75,000 in punitive damages, plus interest, attorney fees, costs and other such relief as the Court may deem just and proper." (Doc. 2). Defendant removed the case to this Court on December 11, 2015 based on diversity jurisdiction. (*Id.*).

On March 18, 2016, plaintiff filed this Motion, claiming that the Court now lacks subject matter jurisdiction based on plaintiff's recent decision to stipulate that the recovery she seeks is limited to $74,999.99. (Doc. 13, ¶¶ 3, 4, 6). Plaintiff's Motion also states that defendant has no objection to the Motion. (Doc. 13 at 5). Defendant's Response acknowledges that it previously

1

did not oppose plaintiff's Motion, but after conducting legal research, it concluded that a party may not waive subject matter jurisdiction. (Doc. 15, ¶¶ 4-5).

## II. Discussion

Under 28 U.S.C. § 1332, this Court has subject matter jurisdiction over an action between diverse parties which involves an amount in controversy greater than $75,000.00. The "propriety of removal is judged on the complaint as it stands at the time of the removal." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991). Here, the parties do not appear to dispute that subject matter jurisdiction existed at the time of removal.

Under Supreme Court precedent, "events occurring subsequent to removal which reduce the amount recoverable . . . do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). It follows that despite a plaintiff's actions "after removal by stipulation, by affidavit, or by amendment of his pleadings, [to] reduce[] the claim below the requisite amount, this does not deprive the district court of jurisdiction." *Id.* at 292. Other circuits, including the Tenth Circuit, have vigorously enforced the Supreme Court's mandate. *See, e.g.*, *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000) ("We conclude that post-removal stipulations do not create an exception to the rule articulated in *St. Paul*. Because jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction."); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) ("Once jurisdiction has attached, events subsequently defeating it by reducing the amount in controversy are unavailing."); *Russell v. Geico Gen. Ins. Co.*, 2015 WL 4394490, at *2 (N.D. Okla. July 16, 2015) ("[T]he parties' stipulation that plaintiff cannot recover more than $75,000 does not divest this Court of its pre-existing subject matter jurisdiction under § 1332(a).").

Binding precedent makes clear that plaintiff cannot defeat subject matter jurisdiction simply by filing a post-removal stipulation to reduce the amount in controversy. Accordingly, plaintiff's stipulation has no effect on the determination that the Court properly had jurisdiction over this case at the time of removal. Plaintiff's Motion to Remand to State Court (Doc. 13) is therefore **denied**.

SO ORDERED this 28th day of December, 2016.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE